IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST David G. LEADHOLM, Attorney at
Law.

Supreme Court

*No. 89-0456-D. Filed September 11, 1989.*

(Also reported in 445 N.W.2d 41.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney publicly reprimanded.*

The referee recommended that Attorney David G.
Leadholm be publicly reprimanded for professional mis-
conduct consisting of his neglect of two estates and his
failure to timely respond to inquiries from the Board of
Attorneys Professional Responsibility (Board) into alle-
gations of his misconduct. The referee also recom-
mended that the court order Attorney Leadholm to com-
plete the probate of the two neglected estates within a
specified period of time and distribute the estates' assets
to the heirs.

We determine that the recommended public reprimand is sufficient discipline for Attorney Leadholm's misconduct. That misconduct appears to be two isolated instances, rather than a continuing pattern of misconduct. Nonetheless, Attorney Leadholm's neglect of legal matters entrusted to his professional care is serious, as it demonstrates less than the necessary attention to his duty to his clients and to this court whose Board is charged with enforcing its rules of attorney professional conduct.

Attorney Leadholm was admitted to practice law in Wisconsin in 1976 and practices in Polk county. He has not previously been the subject of an attorney disciplinary proceeding. The referee is the Honorable Timothy L. Vocke, reserve judge.

Although he participated in a scheduling conference in this proceeding, Attorney Leadholm never filed an answer to the Board's complaint alleging misconduct and did not appear at the disciplinary hearing thereon. Consequently, the referee made findings of fact based on the allegations set forth in the complaint.

In 1984 the personal representative of an estate retained Attorney Leadholm to attend to the probate of that estate. A partial distribution of estate assets to the legatees under the decedent's will was made within the following year; another partial distribution was made the following year. The gross value of the estate was approximately $42,000, approximately $36,000 of which was property that had been distributed at the time of the disciplinary hearing.

In 1986 the probate court issued an order to show cause to the personal representative and to Attorney Leadholm concerning the failure to file a final account and final judgment. Attorney Leadholm appeared at the hearing on that order and told the court that the estate

could be completed within 90 days. When it was not, the court issued a second order to show cause and at the hearing thereon directed that the estate be concluded promptly.

Sixteen months later, the probate court issued a third order to show cause and at the hearing thereon directed that the probate be completed no later than November 30, 1988. Attorney Leadholm subsequently filed a final account and necessary waivers, but as of January 20, 1989, no inheritance tax return, certificate determining inheritance tax or final judgment had been filed and no inheritance tax or fiduciary income tax had been determined.

In a second estate, for the probate of which Attorney Leadholm had been retained in 1985, the probate court sent Attorney Leadholm two letters informing him that the general inventory had not been filed and asking him to file it. Subsequently, the court issued an order to show cause concerning the failure to file the final account and final judgment. At the hearing on that order, the court directed that the estate be concluded promptly.

Sixteen months later the court issued a second order to show cause and at the hearing thereon directed that the estate be closed by December 7, 1988. As of January 20, 1989, no final account, inheritance tax return, certificate determining inheritance tax, fiduciary tax return or final judgment had been filed and no inheritance tax or fiduciary income tax had been determined. The gross value of this estate is approximately $67,000, the bulk of which is to go to the decedent's brother, who is the personal representative.

After an heir in one of these estates filed a grievance with the Board concerning the probate, the Board sent Attorney Leadholm a letter requesting his response.

After receiving no reply, the Board sent a second letter requiring a response by a specified date, to which Attorney Leadholm responded. Thereafter, the Board sent him a letter requesting specific information pertaining to the grievance and, after receiving no reply, sent a second letter. Attorney Leadholm responded, but not until three weeks after the date for the response set forth in the Board's letter.

The Board sent another letter to Attorney Leadholm requiring specific information concerning the estates and, when it received no reply, sent him a second letter. Attorney Leadholm again responded, although several days after the date set forth in the Board's letter. Finally, the Board sent Attorney Leadholm a letter informing him that the grievance would be taken up at the next meeting of the Board and asked that he submit a response showing any recent activity in the estates. When it received no reply, the Board sent a second letter, to which Attorney Leadholm never responded.

On the basis of these facts, the referee concluded that Attorney Leadholm neglected the two estates, in violation of SCR 20.32(3),[1] and failed to cooperate with the Board in its investigation, in violation of SCR 21.03(4) and 22.07(2).

The referee's recommendation for the imposition of a public reprimand is explicitly based on the fact that Attorney Leadholm has practiced law for 13 years and has not been the subject of attorney discipline prior to this proceeding and on the fact that his misconduct concerned negligence, rather than fraud, deceit, dishonesty or moral turpitude. Further, the referee noted, at the

---

[1]SCR 20.32(3) provides: "A lawyer may not . . . neglect a legal matter entrusted to the lawyer." The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:1.3.

disciplinary hearing counsel for the Board took the position that, on the basis of other similar disciplinary proceedings, a public reprimand would be appropriate in this case.

We adopt the referee's findings of fact and conclusions of law and we accept the recommendation that we impose a public reprimand on Attorney Leadholm for his professional misconduct. However, we decline to accept the referee's recommendation to order Attorney Leadholm to complete the two estates within a specified time, as that is a matter under the jurisdiction of the probate court in which the estates are pending and that court is in the best position to monitor the completion of the estates. In the event Attorney Leadholm continues to neglect those estates, the Board may bring further disciplinary proceedings.

IT IS ORDERED that Attorney David G. Leadholm is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order David G. Leadholm pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of David G. Leadholm to practice law in Wisconsin shall be suspended until further order of the court.

ABRAHAMSON, J., did not participate.