IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST David G. LEADHOLM, Attorney at
Law.

Supreme Court

*No. 90-2017-D. Filed February 25, 1991.*

(Also reported in 465 N.W.2d 650.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license revoked.*

We review the referee's recommendation that the
license of David G. Leadholm to practice law in Wiscon-
sin be revoked as discipline for professional misconduct.
That misconduct consisted of the following: neglect of

several clients' legal matters, failure to keep clients informed of the status of their legal matters and respond to their requests for information; failure to return unearned retainers and client papers to successor counsel upon termination of representation; failure to promptly deliver funds to the person entitled to them; failure to deposit client funds in a trust account and account for those funds; conversion of client funds to his own use; numerous failures to respond to requests for information during the course of the investigation into his professional misconduct.

By this misconduct, Attorney Leadholm has demonstrated that he is unfit to represent others in our legal system. He has repeatedly breached the lawyer's fundamental duties to diligently pursue the client's interests and to protect property belonging to the client that comes into his possession. By converting to his own use funds belonging to a minor for whom he had been appointed guardian ad litem in a court proceeding, he placed his own personal pecuniary interest above the interests of his client. Moreover, this is not the first occasion we have had to discipline Attorney Leadholm for professional misconduct. The totality of his misconduct considered in this proceeding warrants the revocation of his license to practice law.

Attorney Leadholm was admitted to practice law in Wisconsin in 1976 and practices in Amery. In 1989 the court publicly reprimanded him for the neglect of two estates and his failure to timely respond to inquiries from the Board of Attorneys Professional Responsibility (Board) into allegations of his misconduct. *Disciplinary Proceedings Against Leadholm,* 151 Wis. 2d 561, 445 N.W.2d 41 (1989). On October 31, 1989 his license to practice law was suspended for nonpayment of assessments to the two court Boards and remains suspended.

The referee is the Honorable Timothy L. Vocke, reserve judge.

Upon Attorney Leadholm's stipulation to the allegations of misconduct set forth in the Board's complaint, the referee made the following findings of fact.

(1) In 1985, Attorney Leadholm was appointed guardian ad litem for a minor child, on whose behalf he obtained a settlement. Between then and 1989, he received monthly payments on behalf of the child which were to be deposited into the minor's account. Between June, 1988 and April, 1989 Attorney Leadholm failed to deposit $10,000 of those payments into the account and in May, 1989, he made an unauthorized withdrawal of $4,000 from that account.

At the request of the minor's mother, the circuit judge for Polk county asked Attorney Leadholm to give the mother a written authorization allowing the bank to furnish financial information about the account to the minor's parents. Attorney Leadholm failed to respond to the judge's letter and never provided the parents with any authorization or with an accounting of the funds of which he had custody. In a civil action commenced thereafter against Attorney Leadholm, the court concluded that Attorney Leadholm intentionally and fraudulently converted to his own use the sum of $14,000.

In the course of the investigation into this matter, Attorney Leadholm failed to furnish any response to two letters from the Board and two letters from the district professional responsibility committee investigator and failed to appear at an investigative hearing before the district committee.

The referee concluded that Attorney Leadholm's conversion of the minor's funds constituted conduct involving dishonesty, fraud and deceit, in violation of

SCR 20:8.4(c);[1] his failure to respond to the Board and the district committee in their investigation violated SCR 21.03(4)[2] and 22.07(2) and (3);[3] his failure to deposit client funds in a trust account and his failure to account for those funds received on behalf of his client

---

[1]SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

[2]SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[3]SCR 22.07 provides:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

violated SCR 20:1.15(a) and (b).[4]

(2)  In December, 1986, Attorney Leadholm was retained to prepare and file a bankruptcy petition, for which the client paid him $500. The client was anxious to have the petition filed promptly because his paychecks were being garnished by a creditor. For more than a year Attorney Leadholm failed to file the bankruptcy petition, after having told the client on several occasions that he was waiting for a case number from

---

[4]SCR 20:1.15 provides:

**Safekeeping property.**

(a)  A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. Unless the client otherwise directs in writing, securities in bearer form shall be kept by the attorney in a safe deposit box in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which safe deposit box shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. Other property of a client or third person shall be identified as such and appropriately safeguarded. If a lawyer also licensed in another state is entrusted with funds or property in connection with an out-of-state representation this provision shall not supersede the trust account rules of such other state.

(b)  Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

194

Madison, although the petition would have been filed in Eau Claire, and that there had been a delay. Attorney Leadholm failed to respond to two letters from the Board investigating the client's grievance in this matter and failed to respond to two letters from the district professional responsibility committee investigator and failed to appear at an investigative meeting. This conduct, the referee concluded, constituted neglect of a client's legal matter, in violation of former SCR 20.32(3),[5] and his failure to respond to the investigation into his misconduct violated SCR 21.03(4) and 22.07(2) and (3).

(3) In August, 1987, Attorney Leadholm was retained to file a bankruptcy petition, for which the client paid him $500. Attorney Leadholm never filed that petition. When the client filed a grievance with the Board, Attorney Leadholm failed to respond to two letters requiring a response to the grievance, did not respond to two letters from the district committee investigator and did not appear at an investigative hearing. The referee concluded such conduct constituted neglect of his client's legal matter, in violation of former SCR 20.32(3), and his failure to respond in the investigation of the client's grievance violated SCR 21.03(4) and 22.07(2) and (3).

(4) In October, 1987, Attorney Leadholm was retained to probate an estate. Shortly thereafter Attorney Leadholm told the client that the estate would be

---

[5]SCR 20.32 provides:

A lawyer may not:

. . .

(3) Neglect a legal matter entrusted to the lawyer.

The current equivalent provision, SCR 20:1.3, provides:

**Diligence.**
A lawyer shall act with reasonable diligence and promptness in representing a client.

settled by July, 1988. After several months passed without hearing from him, the client attempted to contact Attorney Leadholm by telephone, leaving messages for him to return her calls, but Attorney Leadholm never returned any of her calls.

In August, 1989, the client spoke with Attorney Leadholm, who told her that the estate would be settled within two weeks. Since that time, however, the client attempted to contact Attorney Leadholm on numerous occasions but Attorney Leadholm did not return any of her telephone calls. The registers in probate for the counties in which the decedent died and held property stated that there was no record of the probate of the estate of the client's husband in either county. Attorney Leadholm failed to furnish a response to two letters from the Board investigating this client's grievance.

The referee concluded that Attorney Leadholm neglected his client's legal matter and failed to act with reasonable diligence, in violation of former SCR 20.32(3) and current SCR 20:1.3; his failure to return his client's telephone calls and failure to communicate with her regarding the estate and keep her reasonably informed of its status violated SCR 20:1.4(a);[6] his failure to respond to the investigation into the client's grievance violated SCR 21.03(4) and 22.07(2) and (3).

(5) In February, 1989, Attorney Leadholm was retained to file a bankruptcy petition, for which the client paid him $750. When the client heard nothing from Attorney Leadholm for some time, she called his office concerning the status of the matter. Attorney Leadholm

---

[6]SCR 20:1.4 provides:

**Communication**

    (a)   A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

told her he would send the bankruptcy papers to Madison in a few days. The client called some time later and Attorney Leadholm again told her the papers would be filed in a few days. Soon thereafter, the client obtained other counsel, who contacted Attorney Leadholm and asked him to send the client's papers and retainer to him. Attorney Leadholm said he would do so immediately but he did not, neither did he return numerous telephone calls from the client and her counsel. He also failed to respond to two letters from the Board investigating this client's grievance.

The referee concluded that Attorney Leadholm's failure to initiate bankruptcy proceedings constituted failure to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3; his failure to return his client's telephone calls and keep her reasonably informed of its status violated SCR 20:1.4(a); his failure to return the client's retainer and papers to successor counsel upon termination of representation violated SCR 20:1.16(d);[7] his failure to respond to the Board in its investigation of the client's grievance violated SCR 21.03(4) and 22.07(2) and (3).

(6) In August, 1989, Attorney Leadholm was retained to file a bankruptcy petition, for which the client paid him $700. Shortly thereafter, Attorney Leadholm told his client she would need to fill out a

---

[7]SCR 20:1.16 provides:

**Declining or terminating representation.**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment or other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

certain form to initiate the proceeding, but he did not provide her that form. After two months without hearing from him, the client tried to contact Attorney Leadholm by telephone but he did not return her calls. When she did talk with him in October, 1989, Attorney Leadholm told her he would get her the form by the end of that week but he did not do so. Soon thereafter the client called Attorney Leadholm's office, leaving a message that she wanted her retainer returned so she could obtain other counsel to initiate the bankruptcy proceeding. She did not receive any response from Attorney Leadholm.

Attorney Leadholm did not respond to two letters from the Board and two letters from the district committee investigating this client's grievance; he also failed to appear at an investigative meeting.

The referee concluded that Attorney Leadholm failed to act with reasonable diligence and promptness in representing his client, in violation of SCR 20:1.3; his failure to keep his client informed of the status of her legal matter and respond to her request for information violated SCR 20:1.4(a); his failure to return the client's retainer, which he had not earned, violated SCR 20:1.16(d); his failure to respond to requests for information in the investigation of the client's grievance violated SCR 21.03(4) and 22.07(2) and (3).

(7) At a real estate closing in September, 1989, the parties agreed to have Attorney Leadholm hold a $475 security deposit of renters pending their vacating the premises and following inspection of the property. When the real estate agent subsequently authorized the release of that security deposit to the renters, Attorney Leadholm failed to respond and did not release the money. The renters then commenced a small claims action in circuit court against the sellers, to which Attor-

ney Leadholm was added as a third-party defendant. Attorney Leadholm never answered, appeared or responded in that action. The renters recovered judgment against the real estate agency, which in turn obtained a judgment for indemnification against Attorney Leadholm. Attorney Leadholm did not respond to two letters from the Board investigating a grievance filed in this matter.

The referee concluded that Attorney Leadholm's failure to promptly deliver the security deposit to the renters constituted a failure to act with reasonable diligence and promptness, in violation of SCR 20:1.3; his failure to promptly deliver funds belonging to a third person entitled to receive them violated SCR 20:1.15(b) and constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c); his failure to respond to the Board's investigation into the matter violated SCR 21.03(4) and 22.07(2) and (3).

(8) Prior to May 16, 1990, former clients tried to contact Attorney Leadholm to obtain from him files of various completed matters which their current counsel needed to pursue a personal injury matter. Attorney Leadholm told them he would turn the files over to them but he never did. Attorney Leadholm did not respond to a letter from the Board investigating the clients' grievance. The referee concluded that Attorney Leadholm's failure to turn files over to his former clients upon termination of representation violated SCR 20:1.16(d).

(9) From June, 1989 to January, 1990, Attorney Leadholm failed to respond to two letters from the Board seeking a response to a client's allegation of professional misconduct; he also failed to respond to two letters from the district professional responsibility committee investigator and failed to appear at an investiga-

tive meeting before the committee. Such conduct, the referee concluded, violated SCR 21.03(4), 22.07(2) and (3).

(10) Between October, 1989 and May, 1990, Attorney Leadholm failed to respond to three letters from the Board investigating a client grievance. He also failed to respond to two letters from the district committee investigator and failed to attend an investigative meeting before the committee. The referee concluded that this conduct violated SCR 21.03(4) and 22.07(2) and (3).

We adopt the referee's findings of fact and conclusions of law and accept his recommendation that Attorney Leadholm's license to practice law be revoked as discipline for his professional misconduct. We note that in his stipulation filed in this proceeding Attorney Leadholm acknowledged that license revocation was appropriate discipline.

IT IS ORDERED that the license of David G. Leadholm to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order David G. Leadholm pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that David G. Leadholm comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.